UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP GOODWIN,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN HAMIL, LIN-MARIE NACHT,<br>HOLLI CORYELL, ELENA LOPEZ,<br>BRUCE SHAMULKA,<br><br>                Defendants. | CASE NO. 3:17-CV-05183-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 7, 2017 |

      The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. On May 8, 2017, Defendants Lin-Marie Nacht and Bruce Shamulka filed a Motion to Dismiss. Dkt. 17. Plaintiff filed a Response requesting Defendants Nacht and Shamulka be dismissed without prejudice. Dkt. 22.

      After review of the Motion and Response, the undersigned recommends the claims alleged against Defendants Nacht and Shamulka be dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The Court further recommends Defendants Nacht and Shamulka's Motion to Dismiss (Dkt. 17) be denied as moot.

## BACKGROUND

On March 15, 2017, this Court directed service of Plaintiff's Complaint. Dkt. 5. Defendants Nacht and Shamulka returned signed waivers of service on April 17, 2017. Dkt. 13, 14. On May 8, 2017, Defendants Nacht and Shamulka filed the Motion to Dismiss.[1] In his Response to the Motion to Dismiss, Plaintiff requested Defendants Nacht and Shamulka be dismissed without prejudice. Dkt. 22. Defendants Nacht and Shamulka did not file a reply to Plaintiff's Response, and neither an answer nor motion for summary judgment has been filed in this case.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

Plaintiff requested the dismissal prior to any Defendant filing an answer or summary judgment motion. *See* Dkt. 22. Further, Plaintiff has not previously dismissed an action based on the same claim. The Court also notes Defendants Nacht and Shamulka did not object to Plaintiff's request for dismissal. As Defendants Nacht and Shamulka have not filed an answer or

---

[1] The remaining Defendants, Defendants Holli Coryell, John Hamil, and Elena Lopez, filed a Motion to Dismiss on May 19, 2017. Dkt. 18. Their Motion to Dismiss will be addressed in a separately filed Report and Recommendation.

motion for summary judgment, the Court finds dismissal without prejudice is proper in this case. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) ("A plaintiff's right of voluntary dismissal under Rule 41(a)(1) is not terminated by the filing of a Rule 12 motion to dismiss by the defendant.").

**CONCLUSION**

The Court recommends Defendant Nacht and Shamulka be dismissed without prejducie from this action. The Court further recommends Defendants Nacht and Shamulka's Motion to Dismiss (Dkt. 17) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 7, 2017, as noted in the caption.

Dated this 21st day of June, 2017.

David W. Christel
United States Magistrate Judge