UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP GOODWIN,

    Plaintiff,

v.

JOHN HAMIL, LIN-MARIE NACHT, HOLLI CORYELL, ELENA LOPEZ, and BRUCE SHAMULKA,

    Defendants.

CASE NO. 3:17-CV-05183-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 28, 2017

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is "SCC [(Special Commitment Center)] Defendants' Motion to Dismiss State Law Claims Under Rule 12(b)(1)" ("Motion to Dismiss"). Dkt. 18.[1]

---

[1] Plaintiff named two other defendants in the Complaint (Lin-Marie Nacht and Bruce Shamulka) who were dismissed without prejudice. Dkt. 25, 26. Therefore, when the Court references Defendants in this Report and Recommendation, the Court is referring to Defendants Hamil, Coryell, and Lopez.

REPORT AND RECOMMENDATION - 1

1  The Court concludes that to the extent Plaintiff Phillip Goodwin alleges state tort law
2  claims of negligence and medical malpractice against Defendants John Hamil, Holli Coryell, and
3  Elena Lopez, he has not complied with state statutory procedural requirements. Accordingly, the
4  undersigned recommends the Court grant the Motion to Dismiss and dismiss Plaintiff's state tort
5  law claims, without prejudice.

6  **BACKGROUND**

7  Plaintiff, a civil detainee housed at the SCC on McNeil Island, alleges Defendants
8  violated his constitutional rights by depriving him of proper medical treatment and conditions of
9  confinement. Dkt. 4. On March 15, 2017, the Court directed service of Plaintiff's Complaint.
10 Dkt. 5. On April 14, 2017, Defendants returned a signed waiver of service. Dkt. 12. On May 19,
11 2017, Defendants filed the instant Motion to Dismiss.[2] Dkt. 18. Therein, Defendants move the
12 Court to dismiss Plaintiff's state law negligence and medical malpractice causes of action
13 pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to file the requisite
14 tort claim notice before commencing suit. *Id.* Plaintiff filed his Response to the Motion to
15 Dismiss on June 15, 2017. Dkt. 23. Defendants filed a Reply on June 16, 2017. Dkt. 24.

16 **STANDARD OF REVIEW**

17 Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of
18 subject matter jurisdiction. *See* FED. R. CIV. P. 12. A complaint must be dismissed under Rule
19 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the
20 action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not

---

[2] Pursuant to the March 15, 2017 Order Directing Service, "[a] defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure." Dkt. 5, p. 2 (emphasis in original). Defendants timely returned a signed waiver. *See* Dkt. 12. Thus, any Rule 12 motion was due by May 15, 2017. Because Defendants did not file the instant Motion to Dismiss until May 19, 2017, it is untimely. *See* Dkt. 18. Plaintiff, however, does not object to the timeliness of the Motion to Dismiss, and therefore the Court will consider it on the merits.

1 fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2)

2 is not a case or controversy within the meaning of the Constitution; or (3) is not one described by

3 any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. § 1331 (federal

4 question jurisdiction). Federal courts are courts of limited jurisdiction, and are presumed to lack

5 subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins.*

6 *Co. of Am.*, 511 U.S. 375, 377 (1994). Once subject matter jurisdiction has been challenged, the

7 plaintiff bears the burden of establishing it. *Id.*

8 **DISCUSSION**

9       The Court has original jurisdiction over Plaintiff's federal claims and supplemental

10 jurisdiction over Plaintiff's related state law claims. *See* 28 U.S.C. §§ 1331, 1367; *Dible v. City*

11 *of Chandler*, 515 F.3d 918, 924 (9th Cir. 2008). However, Defendants move to dismiss state tort

12 law claims of negligence and medical malpractice pursuant to Federal Rule of Civil Procedure

13 12(b)(1). Dkt. 18 at 1. Defendants contend the Court must dismiss Plaintiff's state tort law claims

14 because Plaintiff failed to comply with Revised Code of Washington Section 4.92.110 ("section

15 4.92"), a mandatory prerequisite to commencing suit against state employees. Dkt. 18, 24. As

16 such, Defendants claim subject matter jurisdiction is lacking as to Plaintiff's state tort law claims

17 against them. The Court agrees.

18       Section 4.92 requires aspiring plaintiffs to present a claim to the office of risk

19 management sixty days prior to commencing any tort action against the state or any state

20 "officer, employee, or volunteer, acting in such capacity." *Hyde v. Univ. of Wash. Med. Ctr.*, 186

21 Wash. App. 926, 929 (2015). The purpose of the tort claim requirement is to allow "government

22 entities time to investigate, evaluate, and settle claims." *Lee v. Metro Parks Tacoma*, 183 Wash.

23 App. 961, 968 (2014) (*quoting Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wash. 2d

24

303, 310, (2002)). Failure to substantially comply with the statutory notice filing provisions deprives the court of subject matter jurisdiction, *Schoonover v. State*, 116 Wash. App. 171, 177 (2003), and is grounds for dismissal, *Reyes v. City of Renton*, 121 Wash. App. 498, 502 (2004). *See also Teeman v. Washington*, 2015 WL 6442735, at *4 (E.D. Wash. Oct. 23, 2015).

Defendants contend Plaintiff does not supply any evidence or argument that he has complied with the requirements of section 4.92. Dkt. 18, 24. Further, Defendants supplied a sworn declaration by Ms. Kathryn Stadler, a paralegal employed by the Office of the Attorney General of Washington ("Attorney General"), wherein she declared that her review of the database of all claims filed pursuant to section 4.92 and kept by the Attorney General did not reveal any claims filed by Plaintiff.[3] Dkt. 19.

Plaintiff does not assert he complied with section 4.92—that is, he does not contend he filed the requisite tort claim form with the office of risk management and waited at least sixty days before filing suit with this Court. Instead, he contends section 4.92 is inapplicable to his case because he does not allege any state tort law claims. Dkt. 23 at 3, 6. However, because Defendants assert the Complaint does raise such claims, in an abundance of caution, the Court will liberally construe the *pro se* Complaint to raise state tort law claims. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (internal quotations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, to the extent Plaintiff's Complaint alleges state tort law claims of negligence and medical malpractice against Defendants, he has tendered no evidence that he has substantially complied with the

---

[3] When the Court considers a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), it is not restricted to the face of the pleadings and may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

requirements of section 4.92 before filing suit. Consequently, this Court is deprived of subject matter jurisdiction over the state tort law claims and must dismiss these claims.

Plaintiff's two alternative arguments against the applicability of section 4.92 are also invalid. First, he argues section 4.92 does not apply because he seeks retroactive monetary damages against Defendants in their individual capacities such that the damages come from their own personal resources. Dkt. 23 at 5, 8, 12. However, Washington law mandates that if a court enters judgment in an action against a state employee who acted within the scope of their official duties, and the employee was represented by the attorney general in that action, the judgment creditor shall seek satisfaction only from the state. WASH. REV. CODE § 4.92.075.

Here, Defendants are all state employees. Dkt. 4. Plaintiff does not allege, nor does the record show, that Defendants were acting outside the scope of their official duties. Moreover, the Attorney General represents all Defendants in this matter. Dkt. 11. Therefore, were this Court to enter a monetary judgment against Defendants, it would be satisfied only by the state—not by Defendants' personal resources. Because Plaintiff cannot recover in a manner disallowed by law, this argument is invalid.

Second, Plaintiff argues section 4.92 does not apply because his § 1983 claims against Defendants in their official capacities (as opposed to his § 1983 claims against them in their individual capacities) are only for "potential prospective monetary damages, declaratory relief, and injunctive relief" and not retroactive damages. Dkt. 23 at 11–12. However, this is immaterial—Plaintiff's § 1983 claims against Defendants have no impact on whether or not he has raised state tort law claims.

For the above-stated reasons, the Court recommends granting Defendants' Motion to Dismiss and dismissing Plaintiff's state tort law claims of negligence and medical malpractice.

## CONCLUSION

To the extent Plaintiff alleges state tort law claims of negligence and medical malpractice against Defendants, he has failed to establish the existence of subject matter jurisdiction over these claims. Accordingly, the undersigned recommends the Court grant Defendants' Motion to Dismiss (Dkt. 18) and dismiss without prejudice the state tort law claims of negligence and medical malpractice alleged by Plaintiff against Defendants Hamil, Coryell, and Lopez. *See, e.g.*, *Baker v. Clallam Cnty.*, 2008 WL 2064188, at *3 (W.D. Wash. May 13, 2008) (Rule 12(b)(1) dismissal of plaintiff's state tort law claims without prejudice); *see also Teeman*, 2015 WL 6442735, at *7.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on July 28, 2017, as noted in the caption.

Dated this 13th day of July, 2017.

David W. Christel
United States Magistrate Judge