UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP GOODWIN,

        Plaintiff,

v.

JOHN HAMIL, LIN-MARIE NACHT, HOLLI CORYELL, ELENA LOPEZ, BRUCE SHAMULKA,

        Defendants.

CASE NO. 3:17-CV-05183-RJB-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Phillip Goodwin's request for an order staying this case ("Motion to Stay"), which was contained in his Objections to the July 13, 2017 Report and Recommendation. Dkt. 29.[1] After consideration of the Motion to Stay and the relevant record, the Court denies the Motion to Stay.

---

[1] The Honorable Robert J. Bryan referred Plaintiff's Motion to Stay to the undersigned on August 28, 2017. *See* Dkt. 31.

## I. Legal Standard

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## II. Analysis

The Court dismissed without prejudice Plaintiff's state tort law claims of negligence and medical malpractice on August 28, 2017 because Plaintiff failed to comply with Revised Code of Washington Section 4.92.110 ("section 4.92"). *See* Dkt. 27, 31. Plaintiff now requests a stay to attempt to comply with the state court filing procedures. Dkt. 29, p. 5.

As stated in the Report and Recommendation, "[s]ection 4.92 requires aspiring plaintiffs to present a claim to the office of risk management sixty days prior to commencing any tort action against the state or any state 'officer, employee, or volunteer, acting in such capacity.'" Dkt. 27, p. 3 (quoting *Hyde v. Univ. of Wash. Med. Ctr.*, 186 Wash. App. 926, 929 (2015)). The

Court concluded Plaintiff had not complied with section 4.92 and dismissed the state law claims without prejudice. Dkt. 31. Plaintiff was required to comply with section 4.92 *prior* to initiating this lawsuit. *See Jones v. Univ. of Washington*, 62 Wash. App. 653, 660 (1991), *as amended on denial of reconsideration* (Oct. 16, 1991) (emphasis in original) (noting section 4.92 requires to provide that the claimant must file the claim *60 days* before commencing the lawsuit). Further, as the state law claims have been dismissed, staying the case to allow Plaintiff to comply with section 4.92 will not renew the claims in this action. Plaintiff will have to file a new case. Therefore, Plaintiff has not shown a stay is appropriate in this case.

Accordingly, the Motion to Stay (Dkt. 29) is denied.

Dated this 5th day of October, 2017.

David W. Christel
United States Magistrate Judge